UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS BRITTENHAM,

        Plaintiff,

v.                                                                                  CASE NO. 09-14285
                                                                                    HONORABLE JOHN CORBETT O'MEARA
M. MACKINTOSH,

        Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Dennis Brittenham is a state prisoner at Gus Harrison Correctional Facility in Adrian, Michigan. He has filed a *pro se* civil rights complaint against M. Mackintosh, an assistant resident unit supervisor at the Adrian Facility.

The Court understands the complaint to allege that defendant Mackintosh directed correctional officer Rose to count Plaintiff's clothing. Rose then asked Plaintiff to sign two quartermaster slips. Rose later tore up the second slip and informed Plaintiff that he would not be getting a coat or eight pairs of underwear. In an unrelated incident, defendant Mackintosh allegedly ordered Plaintiff to pick up his legal mail. The door to Plaintiff's cell remained open for only thirty seconds and Plaintiff did not receive his mail. He seeks $5,000 in money damages and an order terminating Mackintosh from his job or sending him to prison.

### II. Discussion

#### A. Standard of Review

To successfully establish a *prima facie* civil rights case under 42 U.S.C. § 1983, a

plaintiff must prove that the defendants acted under color of state law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for a lawsuit, his or her civil rights complaint against a governmental entity, officer, or employee may be dismissed in whole or in part if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to allege grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations and footnote omitted).

**B. Clothing**

The Court construes Plaintiff's complaint to allege that he was deprived of a coat and eight sets of underwear. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). The Eighth

Amendment requires prison officials to provide humane conditions of confinement, including adequate clothing. *Id.* "[A] prison official violates the Eighth Amendment only when two requirements are met." *Id.* at 834. The deprivation alleged must be sufficiently serious and the prison official must have a sufficiently culpable state of mind, that is, deliberate indifference to the inmate's health or safety. *Id.*

Although Plaintiff states that he "got cold from this" (presumably from the lack of a coat and underwear), the facts as alleged do not demonstrate that he suffered a sufficiently serious deprivation. *See, e.g., Mays v. Springborn*, 575 F.3d 643, 648 (7th Cir. 2009) (finding that prison officials' alleged failure to issue adequate cold-weather clothing, including underwear, to an inmate who suffered from hurt ears, numb hands, possible frostbite, and a cold as a result of the deprivation, did "not rise to the level of the objectively serious harm necessary to show an Eighth Amendment violation" where the inmate "did not show that he was forced to be in the cold for long periods of time or that he suffered anything more than the usual discomforts of winter"); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83 (8th Cir. 1996) (finding that the deprivation of underwear for a few days did not result in the denial of the minimal civilized measures of life's necessities and, therefore, did not violate the Eighth Amendment). Plaintiff also has not shown that defendant Macintosh had a culpable state of mind. The complaint states that Macintosh ordered Rose to count Plaintiff's clothing, but there are no indications that Macintosh was deliberately indifferent to Plaintiff's health or safety. The Court therefore concludes that Plaintiff has failed to establish an Eighth Amendment violation.

**C. Mail**

Plaintiff appears to allege that he did not receive his legal mail because his cell door was

open for only thirty seconds after defendant Macintosh informed him that he had incoming mail. Prisoners have a constitutional right to receive mail, *see Merriweather v. Zamora*, 569 F.3d 307, 316 (6th Cir. 2009) (citing *Parrish v. Johnson*, 800 F.2d 600, 603 (6th Cir.1986), and *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992)), and the capricious interference with a prisoner's incoming mail can violate the First Amendment. *See id*. (citing *Parrish*, 800 F.2d at 604); *see also Carlton v. Jondreau*, 76 Fed. Appx. 642, 643 (6th Cir. 2003). Plaintiff's factual allegations, however, are too vague to establish the deprivation of his constitutional right to receive mail. "[Damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

### III.  Conclusion

Plaintiff's statement of facts creates mere speculation or suspicion of a legally cognizable claim. The facts, as alleged, lack an arguable basis in law and fail to state a claim for which relief may be granted. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                                          s/John Corbett O'Meara
                                                          United States District Judge

Date:  January 13, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 13, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager